IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL HIGGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-010-CFC |
| | ) | Superior Court of the State of |
| CITY OF WILMINGTON, | ) | Delaware in and for New Castle |
| | ) | County |
| Defendant. | ) | N21C-12-0064 MMJ |

Michael Higgin, Bear, Delaware, Pro se Plaintiff.

Aaron Christopher Baker, Senior City Solicitor, City of Wilmington Law
Department, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

September 28, 2022
Wilmington, Delaware

*C.h F. C.*

**CONNOLLY, Chief Judge:**

Plaintiff Michael Higgin, who appears *pro se*, filed this action on December 10, 2021, in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. N21C-12-0064 MMJ.   (D.I. 1-1 at 3-40)   Defendant City of Wilmington removed the matter to this Court on January 4, 2022.   (D.I. 1) Currently pending is Defendant's motion to dismiss, opposed by Plaintiff.   (D.I. 5, 6, 10, 11)

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of deciding the pending motion.   *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).   The Complaint contains six counts: Count 1, unlawful taking under the Fifth Amendment; Count 2, malicious prosecution; Count 3, racketeering; Count 4, nuisance; Count 5, negligence; and Count 6, libel.

Plaintiff purchased the real property at issue in 2012.   (D.I. 1-1 at 6)   He received a number of citations over an eight-year span and alleges that the harassing citations were unlawfully issued because they were for a strip of land that he does not own.   (*Id.*)   Defendant charged Plaintiff $6,600 in civil penalty charges.   (*Id.* at 9)

2

On January 8, 2020, Defendant filed a writ of monition to recover water and sewer charges assessed and levied against the property from 2015 through 2019 and civil penalties issued between April 23, 2013 through March 19, 2019.   (D.I. 6-2 at 6); *see Wilmington v. Higgin*, N20J-00088, at #1 (Del. Super.).[1]   Plaintiff was served by the posting of a statement of claim for Monition upon the property. (D.I. 6-2 at 6); *Wilmington v. Higgin*, N20J-00088, at #3.   A Sheriff's Sale was scheduled for October 13, 2020 and then stayed.   (D.I. 6-2 at 5); *Wilmington v. Higgin*, N20J-00088, at #6.

On January 13, 2021, Plaintiff received a notice of lienholder that the Sheriff's Sale was scheduled for February 9, 2021.   (D.I. 6-2 at 5); *Wilmington v. Higgin*, N20J-00088, at #11.   The sale was held and the property sold that day to the high bidder.   (D.I. 6-2 at 4; *Wilmington v. Higgin*, N20J-00088, at #13.   Plaintiff alleges that all taxes, water, and sewer charges were paid in full by the date of the Sheriff's sale.   (D.I. 1-1 at 9)

On March 8, 2021, Plaintiff redeemed the property prior to confirmation, and the upset bid collected at the sale was refunded to the high bidder.   (D.I. 1-1 at 11; 6-2 at 4; *Wilmington v. Higgin*, N20J-00088, at #13.   Also, on March 8,

---

[1] The Court takes judicial notice of the monitions proceeding and has reviewed the Superior Court docket and all filings and orders entered in the case.

2021, Plaintiff filed a motion to stop the Sheriff's Sale which was denied when

Plaintiff failed to appear for the hearing.   (D.I. 6-2 at 3-4; *Wilmington v. Higgin*,

N20J-00088, at #12, 16-19.   Plaintiff sought a rehearing.   (D.I. 6-2 at 3);

*Wilmington v. Higgin*, N20J-00088, at #20   The request was granted and Plaintiff

was warned that if he failed to appear the Court would deny any request without

further notice or opportunity to be heard.   (D.I. 6-2 at 3); *Wilmington v. Higgin*,

N20J-00088, at #21.   Plaintiff received notice that the motion to re-hear his

motion to stay the Sheriff's sale was set for October 29, 2021.   (D.I. 6-2 at 3);

*Wilmington v. Higgin*, N20J-00088, at #22.   On October 12, 2021, Plaintiff filed a

notice of motion to appeal the process of the Sheriff's sale and requested return of

wages and damages.   (D.I. 6-2 at 2); *Wilmington v. Higgin*, N20J-00088, at #23.

On October 29, 2021, the Superior Court heard the motion to stay and the motion

to appeal the Sheriff's Sale process.   The motion to stay was denied.   (D.I. 6-2 at

2); *Wilmington v. Higgin*, N20J-00088, at #26.   In addition, the motion to appeal

the Sheriff's Sale process and for return of wages and damages was denied, and the

Court advised Plaintiff that he could utilize the appeal process provided by the City

of Wilmington or file suit against the City of Wilmington.   (D.I. 6-2 at 2);

*Wilmington v. Higgin*, N20J-00088, at #25.   He did not file an appeal in the

monitions proceeding.

Plaintiff filed the instant case against Defendant on December 10, 2021.

Plaintiff seeks injunctive relief to halt all Sheriff's sales as unconstitutional and

from disconnecting his water services, as well as return of monetary property and

compensatory and punitive damages.   (*Id.* at 10-11)

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure

to state claims upon which relief can be granted and based upon its immunity

under the Delaware Municipal Tort Claims Act.   (D.I. 6)

## II.   LEGAL STANDARDS

To state a claim on which relief can be granted, a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but the

complaint must include more than mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action."   *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citation omitted).   The complaint must set forth enough

facts, accepted as true, to "state a claim to relief that is plausible on its face."   *Id.*

at 570.   A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

omitted).   Deciding whether a claim is plausible is a "context-specific task that

5

requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 679 (citation omitted).

When assessing the merits of a Rule 12(b)(6) motion to dismiss, a court

must accept as true all factual allegations in the complaint and it must view those

facts in the light most favorable to the plaintiff.   *See Umland*, 542 F.3d at 64;

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "In deciding a Rule 12(b)(6)

motion, a court must consider only the complaint, exhibits attached to the

complaint, matters of public record, as well as undisputed authentic documents if

the complainant's claims are based upon these documents." *Mayer v. Belichick*,

605 F.3d 223, 230 (3d Cir. 2010).   Because Plaintiff proceeds *pro se*, his pleading

is liberally construed and his Complaint, "however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III.   DISCUSSION

### A.   Fifth Amendment Claim (Count 1)

Plaintiff alleges an unconstitutional taking of property by Defendant in

violation of the Fifth Amendment to the United States Constitution.   Such claims

are properly brought under 42 U.S.C. § 1983.

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).   While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).   Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.   *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The § 1983 claim is raised in a conclusory manner without supporting facts. More, it does not speak to an unconstitutional policy, ordinance, regulation of decision officially adopted and promulgated by Defendant.   At most it alleges that "individuals wh[ose] property is sold do[] not have the opportunity of due process to be heard prior to the sale" and that Plaintiff "feels this is not a new practice for the city."   (D.I. 1-1 at 1, 4)   This statement speaks to due process violations.

7

Even were the Court to construe the claim as one arising under the Fourteenth Amendment, *see Brown v. Muhlenberg Twp.*, 269 F.3d 205 213 (3d Cir. 2001), the claim fails.   Any due process claim is contradicted by the Monitions proceeding, from which it is clear that due process was provided to Plaintiff.   He received notice of the Monitions proceeding, he contested the Sheriff's Sale and procedures, and following the Sheriff's sale he redeemed the property after it was sold to the highest bidder but before the sale was confirmed. While Plaintiff opted not to appeal to the Delaware Supreme Court, he did opt to sue Defendant in the Superior Court.

In addition, the Complaint improperly alleges due process violations of the Fifth Amendment.   That Amendment applies to actions taken by the federal government.   *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009).   The claim also fails under the Takings Clause under the Fifth Amendment as a matter of law, because Plaintiff retained a possessory interest in the property and exercised his right to redeem it following the Sheriff's sale and prior to confirmation of the sale.   *See Munoz v. city of Union City*, 481 F. App'x 754 (3d Cir 2012) (no taking where plaintiff retained possessory interest in property).

In short, the Complaint fails to state a claim under § 1983.   Defendant's motion to dismiss the claim will therefore be granted.   Amendment is futile.

8

## C.     Racketeering (Count 3)

The Complaint alleges in Count 3 that Defendant, "as an enterprise is guilty of racketeering."   (D.I. 1-1 at 12).   To advance a civil claim under 18 U.S.C. § 1962(c) Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."   *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U .S. 479 (1985)).   A "pattern of racketeering activity" requires at least two "predicate acts," such as mail or wire fraud. *Id.*; 18 U.S.C. § 1961(1),(5).

The racketeering claim is pled in a conclusory manner without the requisite supporting facts.   It also fails to allege predicate acts as required to state a RICO claim.   Accordingly, the Court will grant Defendant's motion to dismiss the claim.   Amendment is futile.

## C.     State Claims (Counts 2, 4 through 6)

The Complaint alleges malicious prosecution, nuisance, negligence, and libel under Delaware law.   Defendant seeks dismissal by reason of its immunity from liability under the Delaware Municipal Tort Claims Act, 10 Del. C. § 4010, *et seq.*

Under Delaware's County and Municipal Tort Claims Act, "all governmental entities and their employees shall be immune from suit on any and

all tort claims seeking recovery of damages." 10 Del. C. § 4011(a).   The Act has

one narrow exception: "An employee may be personally liable for acts or

omissions causing property damage, bodily injury or death in instances in which

the governmental entity is immune under this section, but only for those acts which

were not within the scope of employment or which were performed with wanton

negligence or wilful and malicious intent."   *Id.* § 4011(c).

The Complaint does not allege facts from which it could be inferred that

Defendant's actions meet the exceptions of the Act sufficient to impose liability.

Plaintiff's claims are clearly barred by the Act and no exceptions apply.   *See*

*Hickman v. Castro*, 2016 WL 3029922, at *6 (D. Del. May 26, 2016) (Act bars

claims of malicious prosecution and defamation); *Davis v. Rinehart*, 2014 WL

4749192, at 5-6 (D. Del. Sept. 22, 2014) (Act bars negligence claim); *Dale v. Town*

*of Elsmere*, 702 A.2d 1219, 1222 (Del 1997) (Act bars nuisance claim [*i.e.*, a tort

claim seeking recovery of damages]); *Carr v. Town of Dewey Beach*, 730 F. Supp.

591, 602 (D. Del. 1990) (economic damages do not constitute property damage for

the purposes of the Act); *Dickerson v. Phillips*, 2012 WL 2236709, at *2 (Del.

Super. Ct. June 13, 2012) (emotional distress and related injuries do not constitute

bodily injury as defined by the Tort Claims Act under Delaware law).

Plaintiff's state claims are barred under Delaware's County and Municipal

Tort Claims Act.   Accordingly, Defendant's motion to dismiss these claims will

be granted.   Amendment is futile.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to

dismiss.   (D.I. 5)   The Court finds that amendment of the Complaint is futile.

An appropriate order will be entered.

11